UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MICHAEL DUNN,<br><br>              Plaintiff,<br>   v.<br>KAMALA HARRIS,<br><br>              Defendant.<br>_____/ | No. C 11-3343 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Docket No. 13) |

### I. INTRODUCTION

Plaintiff Michael Dunn ("Plaintiff") brings this action against Defendant Kamala Harris ("Defendant"), in her role as Attorney General of California, alleging that pursuant to California Penal Code section 12021.3.1, the California Department of Justice ("DOJ") has refused to return guns Plaintiff alleges to own. Currently pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 13. Because the Court finds this matter suitable for resolution based on the parties' written submissions, the Court **VACATES** the hearing set for November 3, 2011. *See* Civil L.R. 7-1(b). After careful consideration of the parties' arguments, the Court **GRANTS** Defendant's motion for the reasons set forth below.

### II. BACKGROUND

The following factual background is taken from Plaintiff's Complaint and attachments thereto, filed July 7, 2011, (Dkt. No. 1), as well as state court opinions involving cases brought by

Plaintiff that are relevant here. Sometime prior to July 7, 2010, Plaintiff, a convicted felon, submitted a Law Enforcement Gun Release application to the DOJ pursuant to California Penal Code section 12021.3.1.[1] Compl., Ex. C. It is not clear how DOJ obtained the firearms, but Plaintiff has attached to his Complaint a response to a public records act request, in which he requested information on ten handguns, eight long-guns, seven rifles, a machine gun, and a grenade launcher. *Id.*, Ex. D. In a letter responding to his request under section 12021.3, the DOJ determined that Plaintiff was not eligible under state or federal law to possess a firearm, and accordingly that he was ineligible to have his firearms returned to him. *Id.* Although the letter itself does not state the reason for Plaintiff's inability to possess a firearm, in a prior forfeiture proceeding, a court noted his 1994 federal felony conviction and his 1973 conviction for what appears to be a felony. *Dunn v. Cnty. of Mendocino*, 2008 WL 5156484, at *2 (Cal. Ct. App. Dec. 9, 2008). The DOJ informed Plaintiff of his right to have these arms transferred to a licensed firearms dealer to be sold in the event that it is legal for the public to own these firearms and that Plaintiff is the rightful owner. *Id.*

In his Complaint, Plaintiff requests that "guns [and] ammo clips [and] parts which were being held for civil forfeitures were dismissed be returned," and that the "[Assault Weapons Control Act ] AWCA CPC § 12275" be found moot.[2] Compl. at 4. Although not a model of clarity, Plaintiff's primary argument seems to be that the prior decisions of the DOJ concluding that he is not permitted to possess the firearms in light of his prior felony convictions and California's assault weapons ban are erroneous in light of the United States Supreme Court decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. ____, 130 S. Ct. 3020 (2010).

---

[1] Section 12021.3.1 provides a mechanism for any person who claims title to any firearm that is in the custody or control of a court or law enforcement agency and who wishes to have the firearm returned to him or her whereby the person makes an application for a determination by the DOJ as to whether he or she is eligible to possess a firearm.

[2] California's Assault Weapons Control Act ("AWCA"), California Penal Code section 12275 et seq., places restrictions on the use of assault weapons and establishes a registration and permit procedure for their lawful sale and possession. Cal. Penal Code § 12275.5.

2

1    On September 7, 2011, Defendant filed the present Motion to Dismiss. Dkt. No. 13. In her
2 motion, Defendant argues that Plaintiff's Complaint must be dismissed for failure to state a claim
3 upon which relief can be granted because the Supreme Court has made it clear that reasonable
4 restrictions such as the AWCA and the prohibition on felons possessing firearms are consistent with
5 the Second Amendment. Def.'s Mot. at 2.

### III. LEGAL STANDARD

A motion to dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations and parentheticals omitted). In considering a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555. The court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1096 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation

3

of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## IV. DISCUSSION

The Second Amendment protects an individual's right to "keep and bear arms." U.S. Const. amend. II. Rights bestowed under the Second Amendment are "fundamental," and apply "equally to the Federal Government and the States." *McDonald*, 130 S.Ct. at 3050. Specifically, the Second Amendment "protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense in the home." *Id.* at 3044. However, the "right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 554 U.S. at 626. In fact, the *Heller* Court was careful to explain that their decision did not, in any way, invalidate many of the longstanding state and federal prohibitions on firearm possession. *Id.* at 627. In determining the constitutionality of a myriad firearm regulations, the Supreme Court declined to set forth rigid guidelines for the lower courts. Instead, the Court in *Heller* clarified that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-27. Moreover, the Court characterized these restrictions as forming part of a non-exhaustive list of "presumptively lawful regulatory measures." *Id.* at 627 n. 26.

Where a challenged statute apparently falls into one of the categories signaled by the Supreme Court as constitutional, courts have relied on the "presumptively lawful" language to uphold laws in relatively summary fashion. *Hall v. Garcia*, 2011 WL 995933, at *2 (N.D. Cal. Mar. 17, 2011) (listing cases). For example, in evaluating a challenge to 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by any person convicted of a felony, the Ninth Circuit cited the above language from *Heller* and concluded that "felons are categorically different from the individuals who have a fundamental right to bear arms." *United States v. Vongxay*, 594 F.3d 1111,

4

1115 (9th Cir. 2010).

Here, there is no dispute that Plaintiff is a convicted felon. Thus, California's refusal to permit Plaintiff to possess firearms is consistent with *Heller*. Indeed, this is the express holding in *Vongxay*, 594 F.3d at 1114-15. Accordingly, the DOJ's decision to refuse to return Plaintiff's firearms is consistent with the Second Amendment.

In his Complaint, Plaintiff appears to suggest that the failure of the DOJ to return his firearms did not comport with due process. Compl. at 4. In his Opposition, Plaintiff clarifies that he is challenging forfeiture proceedings in "CV 67033 and CV 67034," and that a court had previously dismissed these proceedings for a failure to prosecute them. Opp'n at 1, Dkt. No. 18. Thus, Plaintiff is effectively challenging the outcome of the prior state court forfeiture proceedings, *Dunn*, 2008 WL 5156484 at *2. As a result, this cause of action is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, (1983). "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). Here, Plaintiff "asks guns + ammo + clips + parts which were being held of civil forfeiture or just held and then civil forfeiture were dismissed be returned." Compl. at 4. Plaintiff thus seeks to challenge the state court's judgment denying his previous efforts to recover the property. Accordingly, as the Plaintiff "asserts as a legal wrong an allegedly erroneous decision by a state court," it is barred by the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

Moreover, if Plaintiff is asserting that law enforcement officials illegally seized his firearms or acted illegally in failing to return them, his claims are barred by collateral estoppel. The California Court of Appeal's decision in *Dunn v. County of Mendocino* shows that the action brought by Plaintiff there concerned the identical claim raises here:

> Dunn's statements in his petition indicate that he is concerned with personal property belonging to him that was purportedly seized improperly by the Ukiah Police Department….around the time Dunn was arrested on criminal charges in 1993, and purportedly held by the Mendocino County District Attorney in five different maters, numbered 93-0897, 93-F-043, CV 66858, CV67033 and CV67034. He

5

> contends government authorities are wrongfully holding or have wrongfully disposed of or distributed, property that was unrelated to any crime, without regard to his rights to notice and a hearing. Dunn contends there were no convictions relating to the property seized, and that he had repeatedly asked for return of the property held by the sheriff's department that has not returned.

2006 WL 1303943 (Cal. Ct. App. May 11, 2006). After overturning summary judgment and remanding for trial, *id.* at *3, the Court of Appeal affirmed the trial court's subsequent ruling against Dunn on the merits of his claims. *Dunn v. Mendocino*, 2008 WL 5156484 (Cal. Ct. App. Dec. 9, 2009). Thus, the California court's determination that Plaintiff is not entitled to have any of his weapons returned or sold is binding against him under collateral estoppel. "[T]he doctrine of collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action." *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170-71 (1984). Collateral estoppel prevents a party from relitigating an issue if four requirements are met:

> (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action.

*Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010).

Here, Plaintiff had a full and fair opportunity to present his claims, including a trial on the merits and proceedings in the California Court of Appeal, the same issues he raises here were presented in the state court proceedings, there was a final judgment, and Dunn was the plaintiff in both cases. Plaintiff's earlier litigation of the claims he raises here thus forecloses his federal action on the same grounds.

///
///
///
///
///

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss. As the pleading could not possibly be cured by the allegation of other facts, dismissal is without leave to amend.

**IT IS SO ORDERED.**

Dated: October 25, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

        Plaintiff,

v.

KAMALA HARRIS et al,

        Defendant.

Case Number: CV11-03343 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Dunn
P.O. Box 1468
Laytonville, CA 95454

Dated: October 25, 2011

        Richard W. Wieking, Clerk
        By: Brenda Tolbert, Deputy Clerk

8