1

2

3

4

5

6

7

8                          UNITED STATES  DISTRICT COURT

9                           Northern District of California

10

11    MICHAEL DUNN,                                    No. C 11-3343 MEJ

12                          Plaintiff,        **ORDER GRANTING DEFENDANT'S**
                                              **MOTION TO DISMISS**
          v.
13
      KAMALA HARRIS,                                   (Docket No. 13)
14
                          Defendant.
15    _____/

16

17                              **I.   INTRODUCTION**

18         Plaintiff Michael Dunn ("Plaintiff") brings this action against Defendant Kamala Harris

19    ("Defendant"), in her role as Attorney General of California, alleging that pursuant to California

20    Penal Code section 12021.3.1, the California Department of Justice ("DOJ") has refused to return

21    guns Plaintiff alleges to own.  Currently pending before the Court is Defendant's Motion to Dismiss

22    pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 13.  Because the Court finds this

23    matter suitable for resolution based on the parties' written submissions, the Court **VACATES** the

24    hearing set for November 3, 2011. *See* Civil L.R. 7-1(b).  After careful consideration of the parties'

25    arguments, the Court **GRANTS** Defendant's motion for the reasons set forth below.

26                               **II.   BACKGROUND**

27         The following factual background is taken from Plaintiff's Complaint and attachments

28    thereto, filed July 7, 2011, (Dkt. No. 1), as well as state court opinions involving cases brought by

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    Plaintiff that are relevant here.  Sometime prior to July 7, 2010, Plaintiff, a convicted felon,

2    submitted a Law Enforcement Gun Release application to the DOJ pursuant to California Penal

3    Code section 12021.3.1.[1]  Compl., Ex. C.  It is not clear how DOJ obtained the firearms, but Plaintiff

4    has attached to his Complaint a response to a public records act request, in which he requested

5    information on ten handguns, eight long-guns, seven rifles, a machine gun, and a grenade launcher.

6    *Id.*, Ex. D.  In a letter responding to his request under section 12021.3, the DOJ determined that

7    Plaintiff was not eligible under state or federal law to possess a firearm, and accordingly that he was

8    ineligible to have his firearms returned to him.  *Id.*  Although the letter itself does not state the

9    reason for Plaintiff's inability to possess a firearm, in a prior forfeiture proceeding, a court noted his

10   1994 federal felony conviction and his 1973 conviction for what appears to be a felony.  *Dunn v.*

11   *Cnty. of Mendocino*, 2008 WL 5156484, at *2 (Cal. Ct. App. Dec. 9, 2008).  The DOJ informed

12   Plaintiff of his right to have these arms transferred to a licensed firearms dealer to be sold in the

13   event that it is legal for the public to own these firearms and that Plaintiff is the rightful owner.  *Id.*

14       In his Complaint, Plaintiff requests that "guns [and] ammo clips [and] parts which were

15   being held for civil forfeitures were dismissed be returned," and that the "[Assault Weapons Control

16   Act ] AWCA CPC § 12275" be found moot.[2]  Compl. at 4.  Although not a model of clarity,

17   Plaintiff's primary argument seems to be that the prior decisions of the DOJ concluding that he is

18   not permitted to possess the firearms in light of his prior felony convictions and California's assault

19   weapons ban are erroneous in light of the United States Supreme Court decisions in *District of*

20   *Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. ____, 130 S. Ct. 3020

21   (2010).

22

23

24       [1]Section 12021.3.1 provides a mechanism for any person who claims title to any firearm that
is in the custody or control of a court or law enforcement agency and who wishes to have the firearm

25   returned to him or her whereby the person makes an application for a determination by the DOJ as to
whether he or she is eligible to possess a firearm.

26

27       [2] California's Assault Weapons Control Act ("AWCA"), California Penal Code section
12275 et seq., places restrictions on the use of assault weapons and establishes a registration and

28   permit procedure for their lawful sale and possession.  Cal. Penal Code § 12275.5.

2

UNITED STATES DISTRICT COURT
For the Northern District of California

1        On September 7, 2011, Defendant filed the present Motion to Dismiss. Dkt. No. 13. In her

2    motion, Defendant argues that Plaintiff's Complaint must be dismissed for failure to state a claim

3    upon which relief can be granted because the Supreme Court has made it clear that reasonable

4    restrictions such as the AWCA and the prohibition on felons possessing firearms are consistent with

5    the Second Amendment. Def.'s Mot. at 2.

6                                **III.   LEGAL STANDARD**

7        A motion to dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6)

8    tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729,

9    732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short

10   and plain statement of the claim showing that the pleader is entitled to relief." The function of this

11   pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds

12   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint

13   attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

14   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

15   conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

16   allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal

17   citations and parentheticals omitted). In considering a 12(b)(6) motion, "[a]ll allegations of material

18   fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory

19   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

20   failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also*

21   *Twombly*, 550 U.S. at 555. The court "may generally consider only allegations contained in the

22   pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]"

23   *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the*

24   *Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1096 (9th Cir. 2008); *United States*

25   *v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

26       If the court dismisses the complaint, it should grant leave to amend even if no request to

27   amend is made "unless it determines that the pleading could not possibly be cured by the allegation

28

                                               3

1  of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and*

2  *Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

3                                      **IV.   DISCUSSION**

4         The Second Amendment protects an individual's right to "keep and bear arms."  U.S. Const.

5  amend. II.  Rights bestowed under the Second Amendment are "fundamental," and apply "equally to

6  the Federal Government and the States."  *McDonald*, 130 S.Ct. at 3050.  Specifically, the Second

7  Amendment "protects a personal right to keep and bear arms for lawful purposes, most notably for

8  self-defense in the home."  *Id.* at 3044.  However, the "right secured by the Second Amendment is

9  not unlimited.  From Blackstone through the 19th-century cases, commentators and courts routinely

10 explained that the right was not a right to keep and carry any weapon whatsoever in any manner

11 whatsoever and for whatever purpose."  *Heller*, 554 U.S. at 626.  In fact, the *Heller* Court was

12 careful to explain that their decision did not, in any way, invalidate many of the longstanding state

13 and federal prohibitions on firearm possession.  *Id.* at 627.  In determining the constitutionality of a

14 myriad firearm regulations, the Supreme Court declined to set forth rigid guidelines for the lower

15 courts.  Instead, the Court in *Heller* clarified that "nothing in our opinion should be taken to cast

16 doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or

17 laws forbidding the carrying of firearms in sensitive places such as schools and government

18 buildings, or laws imposing conditions and qualifications on the commercial sale of arms."  *Id.* at

19 626-27.  Moreover, the Court characterized these restrictions as forming part of a non-exhaustive list

20 of "presumptively lawful regulatory measures."  *Id.* at 627 n. 26.

21        Where a challenged statute apparently falls into one of the categories signaled by the

22 Supreme Court as constitutional, courts have relied on the "presumptively lawful" language to

23 uphold laws in relatively summary fashion.  *Hall v. Garcia*, 2011 WL 995933, at *2 (N.D. Cal. Mar.

24 17, 2011) (listing cases).  For example, in evaluating a challenge to 18 U.S.C. § 922(g)(1), which

25 prohibits the possession of firearms by any person convicted of a felony, the Ninth Circuit cited the

26 above language from *Heller* and concluded that "felons are categorically different from the

27 individuals who have a fundamental right to bear arms."  *United States v. Vongxay*, 594 F.3d 1111,

28

                                              4

UNITED STATES DISTRICT COURT
For the Northern District of California

1   1115 (9th Cir. 2010).

2          Here, there is no dispute that Plaintiff is a convicted felon.  Thus, California's refusal to

3   permit Plaintiff to possess firearms is consistent with *Heller*.  Indeed, this is the express holding in

4   *Vongxay*, 594 F.3d at 1114-15.  Accordingly, the DOJ's decision to refuse to return Plaintiff's

5   firearms is consistent with the Second Amendment.

6          In his Complaint, Plaintiff appears to suggest that the failure of the DOJ to return his

7   firearms did not comport with due process.  Compl. at 4.  In his Opposition, Plaintiff clarifies that he

8   is challenging forfeiture proceedings in "CV 67033 and CV 67034," and that a court had previously

9   dismissed these proceedings for a failure to prosecute them.  Opp'n at 1, Dkt. No. 18.  Thus, Plaintiff

10  is effectively challenging the outcome of the prior state court forfeiture proceedings, *Dunn*, 2008

11  WL 5156484 at *2.  As a result, this cause of action is barred by the *Rooker-Feldman* doctrine.  *See*

12  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462,

13  (1983).  "*Rooker-Feldman* prohibits a federal district court from exercising subject matter

14  jurisdiction over a suit that is a de facto appeal from a state court judgment."  *Kougasian v. TMSL,*

15  *Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  Here, Plaintiff "asks guns + ammo + clips + parts which

16  were being held of civil forfeiture or just held and then civil forfeiture were dismissed be returned."

17  Compl. at 4.  Plaintiff thus seeks to challenge the state court's judgment denying his previous efforts

18  to recover the property.  Accordingly, as the Plaintiff "asserts as a legal wrong an allegedly

19  erroneous decision by a state court," it is barred by the *Rooker-Feldman* doctrine.  *Noel v. Hall*, 341

20  F.3d 1148, 1164 (9th Cir. 2003).

21          Moreover, if Plaintiff is asserting that law enforcement officials illegally seized his firearms

22  or acted illegally in failing to return them, his claims are barred by collateral estoppel.  The

23  California Court of Appeal's decision in *Dunn v. County of Mendocino* shows that the action

24  brought by Plaintiff there concerned the identical claim raises here:

25              Dunn's statements in his petition indicate that he is concerned with
                personal property belonging to him that was purportedly seized
26              improperly by the Ukiah Police Department….around the time Dunn
                was arrested on criminal charges in 1993, and purportedly held by the
27              Mendocino County District Attorney in five different maters,
                numbered 93-0897, 93-F-043, CV 66858, CV67033 and CV67034. He
28

5

UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3

4

> contends government authorities are wrongfully holding or have
> wrongfully disposed of or distributed, property that was unrelated to
> any crime, without regard to his rights to notice and a hearing. Dunn
> contends there were no convictions relating to the property seized, and
> that he had repeatedly asked for return of the property held by
> the sheriff's department that has not returned.

5   2006 WL 1303943 (Cal. Ct. App. May 11, 2006).  After overturning summary judgment and

6   remanding for trial, *id.* at \*3, the Court of Appeal affirmed the trial court's subsequent ruling against

7   Dunn on the merits of his claims.  *Dunn v. Mendocino*, 2008 WL 5156484 (Cal. Ct. App. Dec. 9,

8   2009).  Thus, the California court's determination that Plaintiff is not entitled to have any of his

9   weapons returned or sold is binding against him under collateral estoppel.  "[T]he doctrine of

10  collateral estoppel can apply to preclude relitigation of both issues of law and issues of fact if those

11  issues were conclusively determined in a prior action."  *United States v. Stauffer Chem. Co.*, 464

12  U.S. 165, 170-71 (1984).  Collateral estoppel prevents a party from relitigating an issue if four

13  requirements are met:

14

15

16

> (1) there was a full and fair opportunity to litigate the issue in the
> previous action; (2) the issue was actually litigated; (3) there was final
> judgment on the merits; and (4) the person against whom collateral
> estoppel is asserted was a party to or in privity with a party in the
> previous action.

17  *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010).

18       Here, Plaintiff had a full and fair opportunity to present his claims, including a trial on the

19  merits and proceedings in the California Court of Appeal, the same issues he raises here were

20  presented in the state court proceedings, there was a final judgment, and Dunn was the plaintiff in

21  both cases.  Plaintiff's earlier litigation of the claims he raises here thus forecloses his federal action

22  on the same grounds.

23  ///

24  ///

25  ///

26  ///

27  ///

28

6

1

## V.  CONCLUSION

2      For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss.  As the

3  pleading could not possibly be cured by the allegation of other facts, dismissal is without leave to

4  amend.

5      **IT IS SO ORDERED.**

6

7  Dated: October 25, 2011

8      _____
       Maria-Elena James
       Chief United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

        Plaintiff,

  v.

KAMALA HARRIS et al,

        Defendant.

Case Number: CV11-03343 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael  Dunn
P.O. Box 1468
Laytonville,  CA 95454

Dated: October 25, 2011

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk

UNITED STATES DISTRICT COURT
For the Northern District of California

8