UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MICHAEL DUNN,<br><br>             Plaintiff,<br>   v.<br><br>KAMALA HARRIS,<br><br>             Defendant.<br>_____/ | No. C 11-3343 MEJ<br><br>**ORDER RE PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL** |

On November 8, 2011, Plaintiff Michael Dunn filed a Notice of Appeal with the Ninth Circuit, challenging this Court's October 25 Order granting Defendant Kamala Harris's Motion to Dismiss. Dkt. No. 27. The Ninth Circuit has referred the matter to this Court for the limited purpose of determining whether Plaintiff's *in forma pauperis* status should be denied for his appeal because it is frivolous. For the reasons explained below, the Court finds that his appeal is frivolous and *in forma pauperis* status should no longer apply.

## I. BACKGROUND

Plaintiff initiated this lawsuit on July 7, 2011 against Defendant Kamala Harris in her role as Attorney General of California. Dkt. No. 1. Plaintiff alleged that the California Department of Justice had wrongfully refused to return guns that he owned. *Id.* Defendant filed a Motion to Dismiss on September 7, 2011. Dkt. No. 13. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court granted this Motion on October 25. Dkt. No. 24. The Court found that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine, which prohibits district courts from exercising jurisdiction over lawsuits that are essentially appeals from state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Additionally, the

1  Court found that because the California Court of Appeal had already determined that Plaintiff was
2  not entitled to have any of his weapons returned to him or sold for his benefit, his federal lawsuit
3  was barred by the collateral estoppel doctrine. *See Dunn v. Cnty. of Mendocino*, 2008 WL 5156484
4  (Cal. Ct. App. Dec. 9, 2009).

5  Plaintiff filed a Motion for Reconsideration on November 1, 2011, which was denied by this
6  Court on the ground that it established no basis under Civil Local Rule 7–9(b) upon which the Court
7  could reconsider its Order. Dkt. No. 27. Plaintiff then filed his Notice of Appeal challenging this
8  Court's Order dismissing the case. Dkt. No. 28.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith requirement is satisfied if the petitioner seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

## III. DISCUSSION

The Court finds that Defendant's appeal is frivolous because it lacks any arguable basis in law or fact. As the Court explained last year, claims that state court decisions were erroneous are barred by the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (*Rooker-Feldman* specifically prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment). In his claim, Plaintiff challenged forfeiture proceedings that the state court had previously dismissed for failure to prosecute. Dkt. No. 24 at 5. Because this claim was effectively contesting the outcome of the prior forfeiture proceedings in state court, the Court found that it was barred by *Rooker-Feldman*. *Id.* Plaintiff fails to present any reasons for why this doctrine would not apply to his claim.

The doctrine of collateral estoppel also leads this Court to conclude that Plaintiff's appeal is

frivolous. Collateral estoppel precludes relitigation of issues of both law and fact if those issues were conclusively determined in a prior action. *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170-71 (1984). Collateral estoppel prevents a party from relitigating an issue if four elements are met:

> (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action.

*Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010). In its Order granting Defendant's Motion to Dismiss, this Court found that Plaintiff had a full and fair opportunity to present his claims, including a trial on the merits and consideration by the California Court of Appeal. *See Dunn*, 2008 WL 5156484. These proceedings, which resulted in a final judgment, addressed the same issues Plaintiff raises in his federal lawsuit, and he is the plaintiff in both cases. Plaintiff's state court proceedings therefore foreclose his federal action based on the same issues. Accordingly, based on the *Rooker-Feldman* and collateral estoppel doctrines, Plaintiff's claim is meritless.

## IV.  CONCLUSION

For the foregoing reasons, this Order certifies that Plaintiff's appeal is frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: January 31, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

        Plaintiff,

  v.

KAMALA HARRIS et al,

        Defendant.

Case Number: CV11-03343 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Dunn
P.O. Box 1468
Laytonville, CA 95454

Dated: January 31, 2012

                              Richard W. Wieking, Clerk
                              By: Brenda Tolbert, Deputy Clerk